AB:JV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DANISON LORA, and
JOSE ALBERTO RODRIGUEZ BATISTA,

        Defendants.

- - - - - - - - - - - -X

COMPLAINT

(T. 21, U.S.C., § 841)

19-M-622

EASTERN DISTRICT OF NEW YORK, SS:

    PHILIP KEANE, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed to law and acting as such.

    On or about July 10, 2019, within the Eastern District of New York, the defendants DANISON LORA and JOSE ALBERTO RODRIGUEZ BATISTA, together with others, did knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, to wit, marijuana, in violation of 21 U.S.C. § 841(a)(1).

    (Title 21, United States Code, Section 841)

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I have been a Special Agent with the FBI for approximately six years. I currently serve on the Metropolitan Safe Streets Task Force, also known as C-30, which focuses on the investigation of violent crimes, including those that involve gangs and narcotics. In this capacity, I have participated in narcotics investigations, including the execution of search warrants and narcotics seizures. I am familiar with the methods used to package and process controlled substances, including marijuana. I am familiar with the facts and circumstances of this investigation from my personal participation in this investigation, from information obtained from other law enforcement agents and from information obtained from a cooperating witness ("CW")[2].

2. In or about May 2019, CW informed law enforcement that CW observed vehicles associated with individuals whom CW knows to be involved in trafficking narcotics parked in front of a two-story warehouse located on the northwest corner of 57th Road and 58th Street, Maspeth, NY 11378 (hereinafter, the "SUBJECT PREMISES").

3. One of these individuals (hereinafter CO-CONSPIRATOR 1 or "CC1") was known to the CW. The CW observed CC1 operate an SUV, exit the vehicle and enter inside of the SUBJECT PREMISES. Before exiting the vehicle, the CW observed the CC1 circle the block in his vehicle, indicating that he was conducting counter-surveillance. CW

---

[2] In August 2015, CW pleaded guilty pursuant to a cooperation agreement with the government to conspiracy to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. CW is cooperating in the hopes of receiving leniency at sentencing. CW's criminal history also includes committing burglaries, robberies, unlawful use of firearms and distribution of other narcotics, including heroin. Law enforcement agents have found CW to be reliable based on, among other things, (1) CW's completion of multiple controlled acquisitions of narcotics; and (2) corroborating information provided by other cooperating witnesses and confidential sources. CW's information was corroborated in this investigation through surveillance.

reports that he was informed by a third individual that the third individual recently stole 30 pounds of marijuana from another vehicle that was associated with the CC1. The CW was informed by the third individual that CC1 possesses between 300 and 500 pounds of marijuana at any given time.

4. Utility checks of the SUBJECT PREMISES conducted on May 8, 2019 and May 23, 2019, indicated that no electricity was being used inside the SUBJECT PREMISES. The steel gate of the SUBJECT PREMISES located on 57th Road was observed to be operational on multiple occasions. Based upon the nature of the gate, electricity is required for its use. In addition, on May 21, 2019, electric lighting was observed inside the SUBJECT PREMISES. Finally, on June 21, 2019, aerial surveillance revealed air conditioning units on the roof of the SUBJECT PREMISES.

5. On July 10, 2019, a Con Edison representative confirmed that the electricity used at the SUBJECT PREMISES was illegally connected and being stolen.

6. On May 20, 2019, law enforcement installed a pole camera with a view of the front entrance to the SUBJECT PREMISES. From May 20, 2019 to the present date, there has been no evidence of garbage being taken out of the location and discarded onto the street. The garbage pickup for the location is Wednesday and Saturday. On Tuesday, June 18, 2019, investigators went to the location to see if any garbage was discarded outside of the view of the pole camera. No garbage was observed in the vicinity of the SUBJECT PREMISES. In my training and experience, drug traffickers do not discard trash in locations that are used to store and process controlled substances.

4.

7. The following observations were made from the pole camera surveillance:

   a. On May 20, 2019, an unidentified male driving a white van was observed opening one of the roll-down gates of the SUBJECT PREMISES, loading several boxes into the van and then leaving the location.

   b. On May 22, 2019, several individuals were observed exiting the SUBJECT PREMISES with several boxes. One of the individuals was identified as LORA. The second individual was BATISTA.[3] CC1 was also observed at the location operating a motor vehicle.

   c. On May 24, 2019, LORA, BATISTA, and an unidentified male were observed exiting the location. The unidentified male was observed walking with a large box which he placed into the trunk of a vehicle parked in front of the SUBJECT PREMISES. The unidentified male then entered back inside the location.

   d. On June 4, 2019, a budget rental truck was observed arriving at the SUBJECT PREMISES. Several pallets of large brown cardboard boxes were observed being unloaded from the truck with a fork lift by LORA. Several of the boxes were labeled "Plastic Bottles." The labels of the boxes indicated that the plastic bottles were 18 millimeters. The boxes also indicated 894 pieces per box. In my research, these types of bottles are used for growing and selling marijuana.

---

[3] Law enforcement agents previously believed that the individual now known to be BATISTSA, was a different individual associated with the vehicle. Upon today's arrest, the individual self-identified himself as BATISTA.

5

e. Also observed on June 4, 2019, was silver duct work that was not attached to anything inside the SUBJECT PREMISES. That the duct work was not attached is indicates that was likely in the process of ventilation being installed.

f. On June 18, 2019, LORA and BATISTA were observed carrying boxes inside and outside the SUBJECT PREMISES.

g. On June 21, 2019, CC1, LORA, BATISTA, and another unidentified individual were observed at the SUBJECT PREMISES.

h. On June 24, 2019, LORA and an unidentified male were observed exiting the SUBJECT PREMISES with two boxes and placed them in the trunk of the unidentified male's car. LORA then returned to the SUBJECT PREMISES.

i. On June 25, 2019, LORA and BATISTA were observed entering the SUBJECT PREMISES with a large box.

j. On June 27, 2019, LORA and an individual identified as unnamed co-conspirator 2 (hereinafter "CC2") were observed exiting the SUBJECT PREMISES. CC2 was observed taking two boxes out of the trunk of a vehicle and handing them to LORA. LORA then entered the SUBJECT PREMISES with the box.

k. On June 28, 2019, LORA, BATISTA and an unidentified female were observed exiting the warehouse. The unidentified female placed a large box in the trunk of a vehicle.

8. Based upon my training and experience, the evidence described above and the transportation of boxes inside and outside of the SUBJECT PREMISES are consistent

6

with narcotics being distributed from the SUBJECT PREMISES.

9. On July 2, 2019, the Honorable Ramon E. Reyes issued a warrant to search the SUBJECT PREMISES.

10. On July 10, 2019, law enforcement agents entered the SUBJECT PREMISES while executing the search warrant and discovered that the warehouse contained a sophisticated operation:

    a. to package, distribute or dispense marijuana, including both raw, unprocessed marijuana, and substances containing a detectable amount of marijuana; and

    b. to manufacture substances containing a detectable amount of marijuana.

11. The law enforcement agents discovered rooms containing boxes, rubber gloves, digital scales, air purifiers, breathing masks, empty glass containers, packaging material, empty and filled vaporizer cartridges, empty and filled packages of marijuana for individual use, and multiple heat-sealed plastic packages of marijuana.

12. The SUBJECT PREMISES also included industrial machinery for the processing of marijuana, including for example, an STM RocketBox Pre-Roll Machine capable of pre-rolling between 1,000 and 25,000 marijuana cigarettes, or "joints", daily.

13. The law enforcement agents also found that the skylights of the SUBJECT PREMISES had been spray painted. In my training and experience, such obstructions are used to prevent discovery.

14. On the morning of July 10, 2019, law enforcement agents observed LORA and BATISTA park directly in front of the SUBJECT PREMISES, and approached LORA and BATISTA before they exited the vehicle. Law enforcement agents explained to

LORA that they had a search warrant for the SUBJECT PREMISES. LORA removed a key ring containing three keys from his pocket, and provided those keys to the law enforcement agents. Two of LORA's keys opened two of the locks to the SUBJECT PREMISES.

15. After conducting the initial search of the SUBJECT PREMISES, law enforcement agents placed LORA and BATISTA under arrest.

WHEREFORE, your deponent respectfully requests that the defendants DANISON LORA, and JOSE ALBERTO RODRIGUEZ BATISTA be dealt with according to law.

*Philip R. Keane*

PHILIP R. KEANE
Special Agent
Federal Bureau of Investigation

Sworn to before me this
10th day of July, 2019

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK